Matter of the Application of the CITY OF NIAGARA
FALLS, Relator, for a Writ of Prohibition, *v.* THE
PUBLIC SERVICE COMMISSION OF THE STATE OF NEW
YORK FOR THE SECOND DISTRICT, and INTERNATIONAL
RAILWAY COMPANY.

(Supreme Court, Albany Special Term, September, 1919.)

Street railways — power of public service commission to regulate
fares — city of Niagara Falls — franchises — writ of pro-
hibition denied.

> The charter of the city of Niagara Falls does not limit
> street car fares nor does the consent of said city to the fran-
> chise granted to the International Railway Company impose a
> fare provision as a condition and there is no special contract
> fixing the rate of fare recognized by the legislature and no
> consent was granted to said company for construction and
> operation within said city which was required by the Consti-
> tution of the state. *Held,* that the legislature, having delegated
> to the public service commission power to regulate fares and
> to grant such a rate as would enable the carrier to live and
> furnish transportation to the public, except and unless cir-
> cumstances and conditions are extraordinary, an application
> by the city for a writ of prohibition directed to said commis-
> sion and the railway company, directing each of them to re-
> frain from proceeding further upon an application by said
> company, now pending, for permission to increase its rate of
> fare within the city because it is not receiving income sufficient
> to meet the actual expenses of operation will be denied.

APPLICATION for a writ of prohibition.

Robert H. J. Moore, corporation counsel, for relator.

Ledyard P. Hale, for Public Service Commission.

Cohn, Chormann & Franchot (Edward E. Franchot,
of counsel), for International Railway Company.

Supreme Court, September, 1919.        [Vol. 108.

Rudd, J.  The city of Niagara Falls seeks a writ of prohibition directed to the public service commission of the state, second district, and International Railway Company directing each of them to refrain from further proceedings under an application pending for permission to increase the company's rate of fare within the city of Niagara Falls.

The public service commission fixed a hearing upon the company's application.

The answer of the city of Niagara Falls raised the question as to the commission's jurisdiction, moving a dismissal of the proceedings upon the ground that the rate of fare now charged by the railway company is fixed and limited to a rate not in excess of five cents by the company's franchise and the municipal consent given; and that because of such limitation the public service commission has not jurisdiction to entertain the application.

The motion to dismiss was overruled by the commission and Chairman Hill sought to continue the hearing, which stands adjourned pending the determination of this motion.

From the evidence taken before the public service commission it appears that the International Railway Company is not receiving income sufficient to meet the actual expenses of operation.

Aside from that situation, and disregarding it, the relator contends that no power exists to correct or remedy what under other circumstances would seem to be a wrong, for the reason that the franchise granted in 1905 to the respondent provided as to rate of fare as follows:

" XV. Said company shall not charge more than one fare of 5 cents for each passenger for any continuous ride or passage over its railroad and extensions within the present limits of said City of Niagara Falls.

Children under six years of age shall be carried free when accompanied by adult passengers within said city. All police officers and firemen belonging to the paid police and fire department of said city shall be transported free upon the passenger cars of said company within the limits of said city when said policemen and firemen shall be in uniform and on duty. For the purposes of this subdivision the railroad of the Electric City Railway Company within said City of Niagara Falls shall be deemed an extension of the railroad of International Railway Company and the right to transfer to and from the railroad of The Electric City Railway Company within the city shall be recognized by said International Railway Company.''

The relator relies entirely upon the authority of the *Quinby Case,* 223 N. Y. 244, claiming that the franchise granted was through the authority conferred upon the municipality by the Constitution of the state (Art. III, § 18) and not by the legislature, and that therefore the *Quinby* case controls. The contention does not convince this court.

The municipal consent granted to the International Railway Company did not impose the fare provision as a condition. The charter of Niagara Falls does not limit street railroad fares. There is no special contract fixing the rate of fare recognized by the legislature and no consent was granted for construction and operation within the city of Niagara Falls which was required by the state Constitution.

It is quite apparent that the public service commission has the delegated legislative power to regulate fares and to grant such a rate as will enable the carrier to live and to furnish transportation to the people of a community except and unless the circumstances and conditions are extraordinary.

Supreme Court, September, 1919. [Vol. 108.

The *Quinby* case has been illumined by the Court of Appeals in *People ex rel. South Glens Falls* v. *Public Service Commission*, 225 N. Y. 216, and later in *Matter of International R. Co.*, 226 id. 474.

We gather that the doctrine of the *Quinby* case is not to be extended to cover local consents or franchises which are based upon legislative enactment. See *Matter of Koehn* v. *Public Service Commission*, 107 Misc. Rep. 151.

" The *Glens Falls* case is a clear authority for the proposition that except for the constitutional provision referred to, the Legislature has delegated to the Commission all the power which it had over rates, except such as it had expressly reserved to itself." Chairman Hill in *Matter of Schenectady R. Co.*, 20 State Dept. Rep. 25, 45. The motion for a writ of prohibition is denied, with costs.

Motion denied, with costs.